UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **08-62080-CIV-MORENO**

HANDI-VAN, INC. and VILLAGE CAR SERVICE, INC.,

    Plaintiffs,

vs.

BROWARD COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

This case involves allegations that Broward County Commissioners voted to "award, refuse to award, and . . . terminate County contracts based on racially-, ethnically-, and sexually-discriminatory provisions and which require, encourage, or permit the use of such criteria." Complaint, ¶8. As such, the Plaintiffs allege violations of 42 U.S.C. §1983 and the provisions of Title VI (42 U.S.C. §2000d, *et seq.*), along with due process violations, and various breaches of contract, including: wrongful termination under the Constitution of the United States and the laws of Florida; wrongful deduction of monies paid; and failure to pay properly calculated trip rates. As set forth below, the Court DISMISSES WITH PREJUDICE Counts II and III, but DENIES the Motion as it relates to the remaining Counts, which the Plaintiffs pled in satisfactory conformance with FED. R. CIV. P. 8(a). Nevertheless, the Court does DISMISS Count IV for all Defendants except Broward County.

The Defendants move to dismiss Counts II and III under FED. R. CIV. P. 12(b). They allege that Count II fails to state a claim because a breach of contract cannot give rise to a due process claim

under §1983. Similarly, they allege that Count III fails to state a claim because the Contracts Clause only prohibits state legislatures from passing laws that impair contracts, and has no bearing on administrative decisions to terminate contracts to which a state is a party. The Defendants also argue that the Plaintiffs should re-plead the remaining counts in a manner compliant with Rule 8(a), and specify which counts allege wrongdoing for which Defendants.

## LEGAL STANDARD

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Groups, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entite[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 570. Dismissal is appropriate when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Milburn v. U.S.*, 734 F.2d 762, 765 (11th Cir. 1984).

## ANALYSIS AND HOLDINGS

The Court DISMISSES Count II WITH PREJUDICE. A breach of contract cannot give rise to a due process claim under §1983. *Shawnee Sewerage & Drainage Co. v. Stearns*, 220 U.S. 462, 471 (1911); *Medical Laundry Services, Inc. v. Bd. of Trustees of University of Alabama*, 906 F.2d 571, 573 (11th Cir. 1990).

Similarly, the Court DISMISSES Count III WITH PREJUDICE. U.S. CONST. ART. I, § 10,

CL. 1 holds that "[n]o state shall . . . pass any Law impairing the obligation of contracts." "The prohibition is aimed at the legislative power of the state, and not at the decisions of its courts, or the acts of administrative or executive boards or officers, or the doings of corporations or individuals." *New Orleans Water-Works v. Louisiana Sugar-Refining Co.*, 125 U.S. 18, 30 (1888). The Complaint expressly alleges that the Defendants acted in an administrative capacity, and not in a legislative capacity. Complaint ¶55. The Plaintiffs cannot surreptitiously transform this characterization of the Defendants' actions into one only describing "actions in connection with the unconstitutional racial, ethnic, and sexual criteria required in its contracts and its retaliation against he plaintiffs" and unrelated to the termination of the parties' contract. Response at 5.

Finally, the Court DISMISSES WITH PREJUDICE Count IV as to all Defendants except Broward County. Count IV alleges a breach of contract, but among the Defendants, only Broward County stands before the Court as a party to the subject contract. Counts V and VI only allege breach of contract against Broward County. The Court therefore finds it unnecessary to dismiss these Counts as to the other Defendants; they evince no legal claims against them.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record